IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:26-CV-305-D

| | | |
|---|---|---|
| JAMES HAROLD FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM AND RECOMMENDATION** |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the *pro se* Plaintiff's application to proceed *in forma pauperis*. [DE-2]. Upon consideration of Plaintiff's application, it is recommended that *in forma pauperis* status be denied.[1]

A litigant may commence an action in federal court *in forma pauperis* ("IFP") by filing an affidavit in good faith containing a statement of assets and demonstrating he cannot afford to pay the required fees of the lawsuit. *See* 28 U.S.C. § 1915(a)(1). The IFP statute is intended to ensure that indigent persons have equal access to the judicial system by allowing them "to proceed without having to advance the fees and costs associated with litigation." *Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir. 1981). However, "proceeding [IFP] in a civil case is a privilege or favor granted by the government." *White v. Barnhart*, Nos. 1:02-CV-556, 1:02-CV-557, 2002 WL 1760980, at *1 (M.D.N.C. July 30, 2002) (citations omitted). In ruling on an IFP application, the court must

[1] A magistrate judge, proceeding under 28 U.S.C. § 636(b), lacks authority to deny an application to proceed *in forma pauperis* and may only issue a recommendation to the district court. *Hunter v. Roventini*, 617 F. App'x 225, 226 (4th Cir. 2015) (per curiam) (citing *Woods v. Dahlberg*, 894 F.2d 187, 187 (6th Cir. 1990) (per curiam) ("[A] denial of such a motion is the functional equivalent of an involuntary dismissal and is outside the scope of a magistrate's authority.")).

exercise discretion in determining whether to grant or deny the application. *Id.* In *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the Supreme Court first set forth the standard for the determination of *in forma pauperis*: "[w]e think an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339 (internal quotation marks omitted). In exercising its discretion, the court is to be mindful that the ability to pay does not require that a plaintiff prove that he is "absolutely destitute." *Id.*

Based on the information provided regarding current financial status, Plaintiff has failed to demonstrate sufficient evidence indicating that payment of the required court costs would deprive him of the "necessities of life." *Adkins*, 355 U.S. at 339. While Plaintiff's income consists of VA disability and social security benefits, his monthly income exceeds his disclosed expenses by a sufficient amount so that paying the filing fee would not be a financial hardship. [DE-2]. Plaintiff has failed to demonstrate that he is one of the "truly impoverished litigants who, within the District Court's sound discretion, would remain without [a] legal remedy if such privilege were not afforded to them." *Brewster v. N. A. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Accordingly, it is recommended that Plaintiff's application to proceed *in forma pauperis* be denied and that Plaintiff be required to tender to the clerk the filing and administrative fees of $405.00 before the complaint is allowed to proceed.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. You shall have until **Monday, August 24, 2026** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and

Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline will bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).**

Submitted, this 10 day of August 2026.

Robert B. Jones, Jr.
United States Magistrate Judge